UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

Case No. BG 14-03188

MICHIGAN PRODUCE HAULERS, INC.,        Chapter 11

      Debtor.

_____/

**OPINION GRANTING DEBTOR'S**
**MOTION TO EXTEND EXCLUSIVITY PERIOD**

Appearances:

Cody H. Knight, Esq., and Steven L. Rayman, Esq., Kalamazoo, Michigan, attorneys for
     Michigan Produce Haulers, Inc.

Douglas A. Donnell, Esq., and Daniel R. Kubiak, Esq., Grand Rapids, Michigan, attorneys
     for M & K Quality Truck Sales of Grand Rapids, LLC, and M & K Truck
     Leasing, LLC.

Michael E. Moore, Esq., Grand Rapids, Michigan, attorney for Huntington National Bank.

Dean E. Rietberg, Esq., Grand Rapids, attorney for the United States Trustee.

## I.      INTRODUCTION.

This matter is before the Court on the Motion to Extend the Exclusivity Period,

which was filed by Michigan Produce Haulers, Inc. (the "Debtor") on October 16, 2014.

(Dkt. No. 173.)  The Debtor also filed a Supplemental Motion to Extend the Exclusivity

Period on December 9, 2014.  (Dkt. No. 209.)

M & K Quality Truck Sales of Grand Rapids, LLC and M & K Truck Leasing, LLC

(collectively, "M & K"), filed objections to the Debtor's motion and supplemental motion to

extend the exclusivity period in this case.  (Dkt. Nos. 179 & 250.)

Status conferences on the Debtor's Motion and M & K's objections were held before this Court on November 4, 2014, and December 16, 2014.  On January 21, 2015, the Court held a hearing on the Motion and heard oral argument from both parties.  At the conclusion of the hearing, the Court took the matter under advisement.  Both parties also filed post-hearing briefs.  (Dkt. Nos. 287 & 292.)

## II.    JURISDICTION.

The Court has jurisdiction over this bankruptcy case.  28 U.S.C. § 1334.  This bankruptcy case and all related proceedings have been referred to this Court for decision. 28 U.S.C. § 157(a); L. Civ. R. 83.2(a) (W.D. Mich.).  This contested matter is a core proceeding and this Court may enter a final order.  28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (L) (confirmation of plans).

## III.    FACTS AND PROCEDURAL HISTORY.

The Debtor filed its voluntary chapter 11 petition on May 5, 2014.  (Dkt. No. 1.)  On September 2, 2014, 120 days after the case was filed, the Debtor filed its Chapter 11 Plan and Disclosure Statement.  (Dkt. Nos. 159 & 160.)  The parties agree that the Plan was filed within the 120-day exclusivity period set forth in 11 U.S.C. § 1121(b) and (c)(2).

After the Plan and Disclosure Statement were filed, the Debtor continued to move steadily toward confirmation.  Objections to the Disclosure Statement filed by the United States Trustee, Huntington National Bank, M & K, and the Michigan Unemployment Insurance Agency were resolved, and the Debtor's Amended Disclosure Statement was approved by the Court on November 10, 2014.   (Dkt. No. 186.)

The Debtor's Plan has also been amended on several occasions to resolve objections by various parties.  (Dkt. Nos. 182 & 278; see also stipulations regarding Plan treatment of various creditors, Dkt. Nos. 227, 245, 246 & 258.)   Based upon representations made by counsel at the hearing, and the tentative chapter 11 ballot report prepared by the Clerk of Court, the Debtor has been successful in obtaining approval of the Plan from all creditors, except M & K.  To date, M & K's objections to the Plan remain unresolved and outstanding.

Monthly operating reports filed by the Debtor indicate that the Debtor has been profitable during the pendency of the chapter 11 case.  (See, e.g., Dkt. No. 282.)  At the hearing on the Debtor's motion, the United States Trustee represented to the Court that the Debtor has already funded an escrow deposit account with $300,000 to implement its proposed Plan, made $79,000 in December 2014, and was just $48 short of making $500,000 during the chapter 11 time period.  According to the U.S. Trustee's calculations, the Debtor has adequate cash flow to fund the proposed Plan as of the effective date and over the long term.

For exclusivity purposes, after timely filing its Plan, the Debtor had until October 31, 2014 – 180 days from the order for relief – to obtain acceptance of the Plan pursuant to § 1121(c)(3).  The Debtor filed its Motion to Extend Exclusivity Period on October 13, 2014, prior to expiration of the 180-day period.  The Motion asks the Court to extend the exclusivity period during which only the Debtor may propose and confirm a chapter 11 plan, for six months to May 15, 2015.  On December 9, 2014, the Debtor filed a supplemental motion to clarify that it was seeking an extension of the 180-day "acceptance period" set forth in § 1121(c)(3).

M & K objected to both the Debtor's original and supplemental motions.  While the Debtor's Motion was pending, but prior to any determination by this Court, M & K also filed a competing Chapter 11 Plan and Disclosure Statement.  (Dkt. Nos. 276 & 277.) After the hearing on the Debtor's exclusivity motions, M & K filed a Brief in Opposition to Debtor's Supplemental Motion.  (Dkt. No. 287.)   In its argument to this Court and in its post-hearing brief, M & K seeks to draw a distinction between the 120-day "Exclusivity Period" set forth in § 1121(c)(2), during which M & K asserts "only the Debtor [may] file a Plan" and the 180-day "Acceptance Period" set forth in § 1121(c)(3), within which a proposed plan must be accepted.  Because the Debtor's current motion was filed after expiration of the 120-day period, defined by M & K as the "Exclusivity Period," M & K asserts the motion must be denied.  For the reasons that follow, the Court rejects M & K's interpretation of § 1121.

## IV.   DISCUSSION.

The questions of who may file a chapter 11 plan and when are governed by 11 U.S.C. § 1121.  Pursuant to § 1121(b), "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."  Section § 1121(c) provides that other parties in interest, including creditors like M & K, "may file a plan if and only if" –

(1)   a trustee has been appointed under this chapter;

(2)   the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3)   the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

11 U.S.C. § 1121(c).  Section 1121(d)(1) states that "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  11 U.S.C. § 1121(d)(1).  Section 1121(d)(2) imposes certain limitations on such extensions.  11 U.S.C. § 1121(d)(2)(A) (120-day period may not be extended beyond 18 months after the date of the order for relief) and (B) (180-day period may not be extended beyond 20 months after the date of the order for relief).

"The purpose of § 1121 is two-fold."  Matter of Mother Hubbard, Inc., 152 B.R. 189, 195 (Bankr. W.D. Mich. 1993).  "First, it allows the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan."  Id.; see also In re Energy Conversion Devices, Inc., 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) (quoting In re Clamp-All Corp., 233 B.R. 198, 207-08 (Bankr. D. Mass. 1999)).  "Second, it ensures creditors will not endure unreasonable delay after a debtor files chapter 11."  Matter of Mother Hubbard, 152 B.R. at 195.

In this case, there is no dispute that the Debtor filed its chapter 11 Plan within the 120-day period referenced in § 1121(b) and (c)(2).  There is likewise no dispute that the Debtor requested an extension of the 180-day period set forth in § 1121(c)(3) prior to the expiration of that time period.  M & K argues, however, that the "exclusivity period" – the time during which only the Debtor may propose a Plan – extends only for 120 days.  Because the Debtor's request for an extension of the exclusivity period was made after expiration of the 120-day period, M & K asserts that the motion was untimely.  The exclusivity period is not as narrow as M & K suggests.

Section 1121(c) provides that the exclusivity period terminates if a trustee is appointed, if the debtor fails to propose a plan within 120 days, *or* if the debtor fails to get its plan confirmed within 180 days of the order for relief.   In <u>In re Grand Traverse Development Co. Ltd. Partnership,</u> 147 B.R. 418 (Bankr. W.D. Mich. 1992), Judge Stevenson explained the "somewhat confusing" effect of this provision.  She stated:  "if a debtor files a plan within the 120-day period," the "bar on filing creditor plans is extended to 180-days."  <u>Id</u>. at 420.  Stated another way:  "If the debtor's plan is on file within the first 120 days, the debtor has an additional 60 days to achieve confirmation.  This is the so-called 'exclusivity period.'"  6 Norton Bankr. L & Prac. 3d § 108.1.  Section 1121(d)(1) permits a party to "request an extension of either the 120- or 180-day period" by making such a request within the respective periods specified in § 1121(c)(2) and (3).  <u>In re Riviera Drilling & Exploration Co.</u>, 502 B.R. 863, 870 (B.A.P. 10th Cir. 2013) (distinguishing general exclusivity rules from those that apply in small business cases).  That is, a request for an extension beyond the 120-days must be filed on or before day 120; a request for an extension beyond the 180-days must be filed on or before day 180.

The Debtor, having filed its Plan within 120 days, had an additional 60 days to obtain acceptance of its Plan pursuant to § 1121(c)(3).  The bar on the filing of competing plans by other parties in interest – the exclusivity period – remains in effect for the entire 180-day period.  The Debtor requested an extension of this 180-day period prior to its expiration.  That request is timely under § 1121(d)(1).

The timely filing of the Debtor's Plan distinguishes this case from those cited by M & K in its brief.  For example, in <u>In re Keeley & Grabanski Land Partnership</u>, 455 B.R. 153 (B.A.P. 8th Cir. 2011), the bankruptcy court granted the debtor's initial motion to

extend the exclusivity period by extending the respective deadlines for filing a plan and disclosure statement and for soliciting acceptances thereof.  Among other misconduct (which ultimately led to the appointment of a chapter 11 trustee), the debtor failed to file a proper chapter 11 plan by the plan deadline.  Instead, after expiration of the plan filing deadline but prior to expiration of the acceptance deadline, the debtor filed a "Motion to Extend Period for Debtors to Solicit Acceptance of Plan."  Although the issue was not directly before the court, the Eighth Circuit B.A.P. noted the bankruptcy court's rejection of this "de facto" attempt to extend the plan filing deadline by extending the plan acceptance deadline, stating that § 1121(d)(1) "requires that a request for an extension of the exclusivity period be made within such period."  Id. at 159-60 & n.7.  The Debtor in the current case is not attempting to make a similar end run around the exclusivity deadlines.  Here, the Debtor's Plan was timely filed, and the exclusivity period was extended to 180 days under § 1121(c)(3).  The Debtor's request for extension of the 180-day portion of the exclusivity period was timely made prior to the expiration of that time period.

Also, in In re Cramer, Inc., 105 B.R. 433 (Bankr. W.D. Tenn. 1989), the debtor sought to extend the 120-day plan filing deadline, but only after the 120-day deadline had expired without any prior enlargements.  The court in Cramer determined that "notwithstanding the existence of 'cause' as contemplated in § 1121(d)," it had no authority to enlarge the 120-day period once it had expired.  Id. at 434.  Here, unlike in Cramer, the Debtor filed its Plan within the 120-day period, and sought an extension of the 180-day period prior to the expiration of that time period.

Last, M & K cites In re Hermanos Torres Perez, Inc., 491 B.R. 316 (Bankr. D. Puerto Rico 2010), which held that an extension of the 120-day filing period does not automatically extend the 180-day acceptance period.  However, in that case, unlike here, after the court's first extension of only the 120-day period, the debtor did not request an additional extension of either the 120-day or the 180-day period.

Having determined that the Debtor's request for extension of the exclusivity period was timely, the Court must next consider whether "cause" exists for granting the request. The Bankruptcy Code does not define "cause" for extending or limiting the exclusivity period under § 1121(d)(1).  See In re Energy Conversion Devices, Inc., 474 B.R. at 507; In re Grand Traverse Development Co., 147 B.R. at 420.  When considering a debtor's request to extend the exclusivity period for "cause," courts "have generally looked at the diligence of the debtor in proposing a plan, the complexity of the case and the relative negotiating strength of the parties."  In re Grand Traverse Development Co., 147 B.R. at 420; see also In re Energy Conversion Devices, Inc., 474 B.R. at 507 (suggesting nine factors that may be considered in deciding whether the exclusivity period should be extended or terminated:  "(1) the size and complexity of the case; (2) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) the fact that the debtor is paying its bills as they become due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiations with its creditors; (7) the amount of time which has elapsed in the case; (8) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (9) whether an

unresolved contingency exists") (citing In re Dow Corning Corp., 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997)).  Because the Debtor is seeking the extension of the exclusivity period under § 1121(d)(1), the Debtor bears the burden of showing that "cause" for such an extension exists.  See, e.g., In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987); In re Ravenna Industries, Inc., 20 B.R. 886, 891 (Bankr. N.D. Ohio 1982).

The Debtor in this case has sustained its burden of establishing cause for the requested extension of the exclusivity period.  This is a relatively large and complex chapter 11 case.  The Debtor timely proposed a chapter 11 Plan, and has negotiated diligently and in good faith with all creditors and parties in interest.  As a result of these efforts, the Debtor has achieved acceptance of its Plan from all creditors but one:  M & K. All objections to confirmation, other than those raised by M & K, have been addressed and resolved.  The reasons for this are understandable.  M & K's claims against the estate, and the Debtor's counterclaims against M & K, are complex and involve large dollar amounts.  The Court believes negotiations regarding these claims, and their treatment under the Plan, are on-going and should continue.  Further, the Debtor's operating reports show that it is profitable and the United States Trustee's calculations show that the Debtor's proposed Plan will likely be feasible as of the effective date and over the long-term.  These factors, taken together, weigh heavily in favor of extending the exclusivity period in this case.

## IV.   CONCLUSION.

For the foregoing reasons, the Court concludes that the Debtor has timely filed its request for extension of the exclusivity period and has demonstrated that "cause" for an extension exists.  Therefore, M & K's objection is overruled and the Debtor's Motion to

Extend Exclusivity Period is GRANTED. The exclusivity period shall be extended through May 15, 2015. The Chapter 11 Plan and Disclosure Statement filed by M & K were improperly filed during the exclusivity period and shall be STRICKEN. A separate order shall be entered accordingly.

**IT IS SO ORDERED.**

**Dated February 12, 2015**



James W. Boyd
United States Bankruptcy Judge