UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

MICHIGAN PRODUCE HAULERS, INC.,

Debtor.

_____/

Case No. BG 14-03188
Chapter 11

**OPINION DENYING M & K QUALITY TRUCK SALES
OF GRAND RAPIDS, LLC AND M & K TRUCK LEASING, LLC'S
MOTION FOR STAY PENDING APPEAL**

<u>Appearances:</u>

Douglas A. Donnell, Esq. and Daniel R. Kubiak, Esq., Grand Rapids, Michigan, attorneys
    for M & K Quality Truck Sales of Grand Rapids, LLC and M & K Truck Leasing,
    LLC.

## I.  INTRODUCTION.

On March 12, 2015, M & K Quality Truck Sales of Grand Rapids, LLC and M & K

Truck Leasing, LLC (hereinafter "M & K") filed a Motion for Stay Pending Appeal of this

Court's Opinion and Order Granting Debtor's Motion to Extend Exclusivity Period.  (Dkt.

Nos. 293 & 294).  The Opinion and Order, which were entered by this Court on February

12, 2015, extended the Debtor's exclusivity period to May 15, 2015, and held that the

competing plan filed by M & K during the exclusivity period must be stricken.  M & K filed

a notice of appeal of the Order on February 18, 2015, and the appeal is currently pending

before the Sixth Circuit Bankruptcy Appellate Panel.

M & K's Motion for Stay, in its request for relief, asks this Court to

"suspend proceedings in the case relating to the Debtor's request to confirm a plan of

reorganization pending the M & K Entities' appeal" of the Order extending the exclusivity period pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(D) and (e).  The Debtor has not filed a response to M & K's Motion.

## II.  JURISDICTION.

The Court has jurisdiction over this chapter 11 bankruptcy case.  28 U.S.C. § 1334.  This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).  Pursuant to Bankruptcy Rule 8007, M & K properly filed its request for stay pending appeal in this Court.  See Fed. R. Bankr. P. 8007(a)(1)(D) ("Ordinarily, a party must move first in the bankruptcy court for . . . the suspension or continuation of proceedings in a case or other relief permitted by subdivision (e)").

## III.  FACTS.

The facts are straightforward.  Michigan Produce Haulers, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code[1] on May 5, 2014.  (Dkt. No. 1.)  On September 2, 2014, the Debtor filed its Chapter 11 Plan of Reorganization and Disclosure Statement.[2]  (Dkt. Nos. 159 & 160.)  A hearing to consider the approval of the

---

[1]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101-1532 inclusive.  Specific provisions of the Bankruptcy Code are referred to in this opinion as "§ ___."

[2]    September 2, 2014, is exactly 120 days after the order for relief was entered on May 5, 2014.  Even if the Court interprets § 1121(c)(2) as requiring a proposed plan to be filed "before" the 120th day after the order for relief, the Debtor's Plan was timely filed.  September 1, 2014, was Labor Day, which is a legal holiday pursuant to Bankruptcy Rule 9006(a)(6).  Under Bankruptcy Rule 9006(a)(1)(C) deadlines that fall on legal holidays are automatically extended to the following day.  M & K does not contest that the Debtor's Plan was timely filed during the 120-day period referenced in §§ 1121(b) and (c)(2).  (See Transcript of Hearing held on January 21, 2015, Dkt. No. 289, at 14; Brief in Opposition to Motion to Extend the Exclusivity Period, Dkt. No. 287 at 1, Motion for Stay Pending Appeal, Dkt. No. 312, at ¶ 1.)

Disclosure Statement was scheduled for October 15, 2014.   Prior to that hearing, three objections to the Disclosure Statement (Dkt. Nos. 168, 169 & 170) and one Objection to the Plan (Dkt. No. 166) were filed.   On November 4, 2014, in order to address the objections, the Debtor filed its Amended Disclosure Statement (Dkt. No. 181) and Preconfirmation Amended Plan (Dkt. No. 182) (hereinafter "Amended Plan").   On November 10, 2014, the Court approved the Amended Disclosure Statement, and the Debtor tendered its Amended Plan to creditors for purposes of accepting it or rejecting it. The Court also scheduled a hearing to consider confirmation of the Amended Plan for December 16, 2014.

During the acceptance period, ballots were cast in favor of the Debtor's Plan by at least eleven creditors, and the Debtor reached agreements with approximately eight others to secure their support of the Plan. (See Dkt. No. 209, at ¶ 16-17, summarizing voting on the Amended Plan.)   M & K cast a ballot rejecting the plan, and objected to confirmation of the Amended Plan.  (Dkt. No. 248.)  The United States Trustee also objected to confirmation of the Amended Plan.  (Dkt. No. 263.)  The December 16, 2014, hearing on confirmation of the Amended Plan was adjourned so that Debtor could continue to negotiate resolution of plan objections with the parties, including M & K.   On January 16, 2015, the Debtor filed a Second Amended Plan of Reorganization (Dkt. No. 278) (hereinafter "Second Amended Plan" or collectively with prior versions, the "Plan") which apparently resolved all outstanding objections other than M & K's.   On January 20, 2015, M & K filed its objection to the Debtor's Second Amended Plan.  (Dkt. No. 279.)

On October 16, 2014, within 180 days of the order for relief, the Debtor filed its Motion to Extend Exclusivity Period.  (Dkt. No. 173.)  The Debtor also filed a supplemental

motion on December 9, 2014.  (Dkt. No. 209.)  The Debtor's motions sought to extend the 180-day exclusivity period during which only the Debtor may file a plan and seek acceptances to May 15, 2015.   M & K filed objections to both the original and supplemental motions to extend exclusivity.  (Dkt. Nos. 179, 209 & 287).  Although status conferences were held regarding the Debtor's motions and M & K's objections in November and December 2014, the Court did not rule on the exclusivity issue because Debtor requested that its motions be held in abeyance while it sought consensual resolution of outstanding objections with its creditors.   On January 9, 2015, while the exclusivity motions were pending, M & K filed its Chapter 11 Plan of Reorganization and Disclosure Statement.  (Dkt. Nos. 276 & 277.)  This Court, in its February 12, 2015, Opinion and Order, granted the Debtor's Motion to Extend Exclusivity to May 15, 2015. In doing so, it also struck M & K's competing plan and disclosure statement.

M & K filed a notice of appeal of the Opinion and Order Extending Exclusivity on February 18, 2015 (Dkt. No. 299), and a Motion for Stay Pending Appeal on March 12, 2015 (Dkt. No. 312).

## IV.  DISCUSSION.

M & K's Motion for Stay Pending Appeal was filed pursuant to Bankruptcy Rule 8007(e), which provides, in relevant part, that "subject to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:  (1) suspend or order the continuation of other proceedings in the case; or (2) issue any other appropriate orders during the

pendency of an appeal to protect the rights of all parties in interest."[3]  Fed. R. Bankr. P. 8007(e).  In evaluating M & K's Motion, the Court is required to consider four factors that are traditionally considered in determining whether to grant a preliminary injunction. Those factors are:  (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay, (3) the prospect that others will be harmed if the court grants the stay, and (4) the public interest in granting the stay.   Michigan Coalition of Radioactive Material Users, Inc., v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted).  "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."  Id. (citing In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985)).  The party requesting the stay bears the burden of establishing, by a preponderance of evidence, that it is entitled to a stay pending appeal.  See Michigan First Credit Union v. Smith (In re Smith), 501 B.R. 332, 336 (Bankr. E.D. Mich. 2013) (analyzing a motion for stay pending appeal under Bankruptcy Rule 8005) (citing Serv. Emps. Int'l Union Local 1 v. Husted, 698 F.3d 341, 343 (6th Cir. 2012)) (additional citation omitted).

A. Likelihood of Success on the Merits of the Appeal.

As explained in this Court's February 12, 2015 Opinion, the purpose of the exclusivity period is to allow the debtor a reasonable time to obtain confirmation without the threat of a competing plan, and to ensure that unreasonable delay does not occur

---

[3]     The Federal Rules of Bankruptcy Procedure were amended effective December 1, 2014.  Stays pending appeal, which were previously governed by Rule 8005, are now governed by Rule 8007.

after a debtor files for Chapter 11 relief.  See In re Energy Conversion Devices, Inc., 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012); Matter of Mother Hubbard, Inc., 152 B.R. 189, 195 (Bankr. W.D. Mich. 1993).  In this case, the Debtor has been diligent in proceeding with its Plan and amendments thereto, including the negotiating of agreements and acceptances and objections with the United States Trustee and multiple other parties.  Only M & K's objections and rejection are outstanding.

Notwithstanding this fact, M & K asserts that there are "serious questions" regarding the merits of this Court's prior order extending the exclusivity period and striking M & K's competing plan and disclosure statement.  M & K argues that these questions justify the Court suspending consideration of the Debtor's Plan pending resolution of the appeal.

First, M & K argues that 11 U.S.C. § 1121(b) did not preclude the filing of its competing plan on January 9, 2015.  Section 1121(b) provides that only the debtor may file a plan until after 120 days after the date of order for relief.  M & K asserts that this 120-day period expired on September 2, 2014, and was not extended by the Court.  This argument might have merit, if § 1121(b) were the only applicable exclusivity provision and if the Debtor had failed to timely file a plan within the 120-day period.  However, it is undisputed that the Debtor timely filed its Plan within the 120 days.  Further, under § 1121(c), which works in conjunction with § 1121(b) to define the exclusivity period, other parties in interest, such as M & K, may file competing plans "if and only if – " a trustee has been appointed, see § 1121(c)(1), the debtor fails to file a plan before 120 days after the order for relief, see § 1121(c)(2), or the debtor fails to file a plan that is accepted before 180 days after the order for relief, see § 1121(c)(3).  M & K has admitted that the first two

requirements are not met here.  Therefore, not only was the Debtor's Plan timely filed under § 1121(b), but M & K was also precluded from filing its competing plan under § 1121(c)(2).

Second, and more importantly, M & K asserts that it was not precluded from filing a plan by § 1121(c)(3).  M & K argues that, at the time its competing plan was filed, the only Plan the Debtor had filed was one that M & K, whose claims are set forth in a separate class under the Plan, had not accepted and was unwilling to accept.  Because the Debtor's Plan had not been accepted by all creditors within 180 days, M & K argues that 180-day exclusivity period expired prior to the filing of M & K's plan.   Again, by limiting its view of the issue in this manner, M & K overlooks two critical facts.  First, it is undisputed that the Debtor filed a request for an extension of the 180-day period, prior to its expiration, as permitted under § 1121(d).  The Debtor's motion was pending at the time M & K's competing plan was filed.  Second, § 1121(c)(3) only permits creditors, such as M & K, to file competing plans if the Debtor has failed to file a plan that has been accepted by each class of claims or interests within 180 days of the order for relief.  The Debtor has, to date, filed two pre-confirmation amended plans.  Both the Amended Plan and Second Amended Plan addressed objections filed by multiple creditors and United States Trustee in a consensual manner.  Pursuant to § 1127(a), these modifications of the plan became "the plan."  Although these amendments did not resolve M & K's objections, they resulted in other creditors' rejections of the Plan being changed to acceptances.  As M & K acknowledges, it is possible that the Debtor will file an additional amended plan during the extended exclusivity period.  These modifications of the Plan are consistent with one of the main purposes of the exclusivity period, which is to give the Debtor an opportunity

to negotiate agreements with its creditors.  By extending the exclusivity period until May 15, 2015, the Court's prior order gives the Debtor a short window to continue to negotiate an agreement with M & K without having to fend off a competing plan.  Limiting exclusivity as M & K suggests and permitting competing plans to be filed while a debtor continues to seek acceptance of its timely-filed plans, is neither consistent with the statutory framework of § 1121 nor with the purposes of exclusivity.

While this Court acknowledges that an appellate court could analyze these issues differently, the Court believes that the Debtor properly and timely requested that exclusivity be extended, and that it was extended in an appropriate and lawful manner. This Court balances this factor in favor of the Debtor and against M & K.

B.  Irreparable Harm.

M & K asserts that if the Court moves forward with confirmation of the Debtor's Plan, absent a stay and having stricken M & K's Plan, M & K will be irreparably harmed. If the Debtor's Plan is confirmed, without M & K having the opportunity to present their Plan to creditors, M & K argues that their appeal will be effectively rendered moot.

To justify imposition of a stay pending appeal, the Sixth Circuit has instructed that the harm alleged by the movant "must be both certain and immediate, rather than speculative or theoretical."  Griepentrog, 945 F.2d at 154 (citation omitted).  "In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again."  Id.  Here, other that its argument that the harm it will suffer if confirmation of the Debtor's plan goes forward prior to consideration of its competing plan is "self-evident," M & K has offered no

proof of irreparable, certain, or immediate harm. The Court, at this point, has not proceeded to confirmation on the Debtor's Plan. M & K still has outstanding objections on file and during recent status conferences, counsel for M & K has made it abundantly clear that if Debtor's Plan is going to proceed to a confirmation hearing, it intends to contest at least the feasibility of the Plan and will need significant time for discovery in order to prepare for a contested confirmation hearing. Further, even if the Debtor's Plan proceeds to confirmation, the Plan will only be confirmed if the Court finds that it complies with § 1129. This is not a foregone conclusion. If the Court ultimately determines that the Debtor's Plan meets the § 1129 confirmation requirements, no party in interest will be prejudiced by confirmation of the Plan. The Court balances this factor in favor of the Debtor and finds the potential harm alleged by M & K in support of its request for a stay to be speculative and theoretical.

C.  Prospect That Others Will Be Harmed.

If M & K's request for a stay is granted, the Court agrees there will be little harm to the Debtor or other creditors. The primary harm is that the Debtor's "day in court" for confirmation will be delayed. However, even if this Court's February 12, 2015 Order and Opinion are sustained on appeal, the Debtor's exclusivity period will expire after May 15, 2015, which is less than sixty days from now. Any delay experienced by the Debtor and other creditors will be a short one. The Court balances this factor in favor of M & K.

D.  The Public Interest.

M & K argues that the Bankruptcy Code favors a confirmation process that considers multiple plans, citing § 1129(c). However, the great weight of authority also

favors the debtor having an opportunity to propose and seek confirmation of its plan during the exclusivity period, and that the debtor should have the first opportunity to seek confirmation.  See Matter of Mother Hubbard, 152 B.R. at 195 (noting that § 1121 and former Bankruptcy Rule 3016(a) evidenced "Congress' intent to allow the filing of competing plans after the debtor has had a reasonable time to propose and confirm a plan of reorganization;" although a "chapter 11 debtor should be allowed a first attempt to confirm a plan, parties in interest should not be held hostage by a chapter 11 debtor"); see generally Karen Gross & Patricia Redmond, In Defense of Debtor Exclusivity: Assessing Four of the 1994 Amendments to the Bankruptcy Code, 69 Am. Bankr. L.J. 287, 291 (1995) ("[E]xclusivity is perceived to encourage rehabilitation by empowering the debtor to control its own destiny.").  M & K argues that limiting exclusivity effectuates a creditor's right "not to be held hostage indefinitely."  M & K has not, and is not, being held hostage indefinitely.   The Court balances this factor in favor of the Debtor and against M & K.

## V.  CONCLUSION.

In considering M & K's request for a stay pending appeal, the Court has analyzed the four factors and balanced them in conformance with the guidance of the Sixth Circuit. The Court concludes that the balance of the factors weighs against imposition of a stay pending appeal.  For this reason, M & K's request to suspend consideration of the Debtor's Plan shall be denied.  However, the Court notes that M & K's motion sought relief under Bankruptcy Rule 8007(e), which provides that the Court may (1) suspend or order continuation of other proceedings in the case, or (2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties.  Fed. R. Bankr.

P. 8007(e)(1) and (2).  Pursuant to Rule 8007(e)(2), the Court will schedule the hearing on confirmation of the Debtor's Plan in a manner that will protect the rights of both M & K and the Debtor during the pendency of the appeal.  The Court will issue a separate scheduling order, setting an evidentiary hearing on confirmation of the Debtor's Plan for June 24, 2015.  This will allow the Debtor to proceed toward confirmation, while also giving M & K sufficient time to conduct discovery, examine the Debtor's experts, and hire its own expert if it believes that is appropriate.  If exclusivity expires or this Court's order extending exclusivity is reversed on appeal, and M & K has a plan on file, nothing shall preclude M & K from seeking an order from the Court allowing its plan to be considered simultaneously with the Debtor's.  Similarly, the Debtor will be allowed to argue that its plan should be considered first, and that, if confirmable, only its plan should be confirmed.

A separate order denying M & K's motion for stay pending appeal shall be entered accordingly.  The Court shall also enter a separate scheduling order regarding confirmation of the Debtor's Plan.

**IT IS SO ORDERED.**

**Dated March 19, 2015**



James W. Boyd
United States Bankruptcy Judge